IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 15-CR-30098-MJR-001 |
| | ) |
| ERIC SIMPSON, | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

On November 17, 2016, the Court sentenced the Defendant to 78 months in the custody of the Bureau of Prisons ("BOP") (Doc. 69). On November 22, 2016, judgment was entered (Doc. 71). At the time of sentencing, the Court advised the Defendant of his right to appeal. On December 2, 2016, the Defendant filed a Motion to Reconsider Judgment and Sentence, asking this Court to reconsider the sentence—particularly its finding regarding the obstruction of justice (Doc. 73). At the Court's direction, the Government responded on December 13, 2016, opposing the Motion to Reconsider on procedural and substantive grounds (Doc. 76). The matter is now before the Court for a decision.

The Defendant indicated in his Motion to Reconsider that he does not wish to appeal his sentence (Doc. 73 at 1). Instead, he simply asks the Court to reconsider its

finding that he obstructed justice—insisting that he truly believed his conduct leading up to sentencing was non-frivolous (*Id.*). The Government responded that the Defendant's request is procedurally barred because it does not fit the contours of the Rules of Criminal Procedure, and it is substantively barred because the Defendant's claim that his conduct was innocent is disingenuous (Doc. 76 at 1-4).

Though the Rules of Criminal Procedure do not authorize or in fact mention motions to reconsider, the United States Supreme Court has held that motions to reconsider may be filed in criminal cases in district courts, finding that such motions "are ordinary elements of federal practice that exist in criminal prosecutions despite their omission from the Rules of Criminal Procedure." **United States v. Rollins, 607 F.3d 500, 502 (7th Cir. 2010),** *citing United States v. Healy***, 376 U.S. 75, 77 (1964).**

The Seventh Circuit directs, however, that the party filing the motion to reconsider must do so "within the time available for appeal." **Rollins, 607 F.3d at 504**. Under Federal Rule of Appellate Procedure 4(b)(1)(A)(i), a party has fourteen days from the date of the order appealed from to appeal. For the Court's November 22, 2016 Judgment that time period expired on December 6, 2016. Thus, even though the Defendant indicates that he does not wish to appeal, his December 2, 2016 Motion to Reconsider was technically within the appropriate timeframe for an appeal from a criminal matter.

Although the Defendant's Motion is technically timely, and precedent dictates that a motion to reconsider can be brought in a criminal matter, the subject matter of the Defendant's particular motion does not justify recourse. Defendant is asking the Court to reconsider the exact issue it already passed on—whether his conduct obstructed justice. A motion to reconsider is not proper to re-address arguments that have previously been rejected by the Court. *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). "The purpose of such a motion is to bring the court's attention to newly discovered evidence or to a manifest error of law or fact." *Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 368 (7th Cir. 2003). Neither exists here, as mere dissatisfaction by the losing party does not constitute "manifest error." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). The Defendant's assertion that he genuinely believed he was not obstructing justice is not new evidence justifying reconsideration.

The relief sought also does not align with the types of relief explicitly contemplated by the Rules of Criminal Procedure or the statutory mechanisms for post-conviction relief. For example, Rule 33 provides a defendant with the opportunity to seek a new trial based upon the discovery of new evidence, or for any other reason. Additionally, Rule 35 provides a defendant with a mechanism to appeal a sentence that is the result of an arithmetical, technical, or other clerical error. Aside from these provisions, a defendant can also pursue a petition of habeas corpus under 28 U.S.C. §

2255.  Such a petition is the appropriate vehicle for claims challenging the validity of a sentence or conviction based upon a constitutional or statutory infirmity.  Upon receipt of pleadings appearing to seek relief of any of these three varieties, courts may construe the pleading flexibly.  *See United States v. O'Malley*, **833 F.3d 810, 813-816 (7th Cir. 2016) (discussing the degree of flexibility courts have in construing a motion labeled as a Rule 33 motion, but seeking relief that overlaps with habeas matters);** *see also Rollins*, **607 F.3d at 503-04 (finding that, in certain circumstances, the Court may (after warning a defendant of the implications) construe a motion for reconsideration as a § 2255 petition).**

    Here, the Court cannot fairly construe the Defendant's filing as falling within the purview of any of the aforementioned mechanisms.  The Defendant simply has given the Court no reason to doubt its earlier finding regarding his obstructive conduct, nor has he proffered any new evidence tending to support such an argument.  As the Government observed in its response, the Defendant's attempt to fall at the feet of the Court for a lesser sentence is an effort that is "too little too late."  The Defendant repeatedly frustrated the judicial process throughout the entire course of his criminal case, and the Court's findings at sentencing reflect that conduct.  Accordingly, the Court finds it unnecessary and inappropriate to grant any sort of reconsideration at this juncture.

5 | P a g e

The Court **DENIES** the Defendant's motion (Doc. 73).[1]

**IT IS SO ORDERED.**

DATED: December 16, 2016

                                                      *s/ Michael J. Reagan*
                                                    Michael J. Reagan
                                                    Chief Judge
                                                    United States District Court

---

[1] It should be noted that the Seventh Circuit has held that "a motion for reconsideration presenting a substantive challenge to the decision (as opposed to a motion seeking to correct a typographical or other formal error) makes a district judge's order non-final and postpones the time for appeal until entry of the order on that motion. The time limit for appeal begins anew when the district judge is really finished with the case." *Rollins*, 607 F.3d at 501.