UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ERIC J. SIMPSON,<br><br>    Defendant. | Case No. 15-cr-30098-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on the defendant's motion for appointment of counsel to explore whether he is eligible for a reduction of his criminal sentence following the retroactive application of the Fair Sentencing Act of 2010, Pub. L. 111-220; §§ 2-3, 124 Stat. 2372, 2372 (2010), as set forth in the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) (Doc. 82). Counsel, who has appeared for the defendant on a voluntary basis, has moved to withdraw on the basis that she can make no non-frivolous arguments in support of a request for reduction (Doc. 88). *See Anders v. California*, 386 U.S. 738, 744 (1967). The Government has responded that it has no objection to counsel's motion (Doc. 90). The defendant has not responded, although he was given an opportunity to do so.

In October 2015, the defendant pled guilty to one count of distribution of cocaine in March 2015. The statutory sentencing range for this offense as charged was no more than 20 years. 21 U.S.C. § 841(b)(1)(C). In November 2016, the Court imposed a sentence of 78 months based on a relevant conduct finding consisting entirely of crack cocaine.

The defendant now wonders whether the Court could reduce his sentence in light of § 404 of the First Step Act.[1] Section 404 allows the Court to reduce a defendant's sentence for a crack cocaine

---

[1] Section 404 of the First Step Act provides in full:

offense, but only if the Court had imposed that sentence before another statute—the Fair Sentencing Act—modified the statutory sentencing range for that crack cocaine offense.  First Step Act, § 404(b).  In essence, the First Step Act retroactively applies the Fair Sentencing Act's lower statutory sentencing ranges and allows the Court to bring past sentences into line with the lower ranges.  The authority to reduce a sentence applies only to (1) federal offenses (2) committed before August 3, 2010, the effective date of the Fair Sentencing Act, (3) for which the Fair Sentencing Act changed the statutory penalty range, *i.e.*, certain crack cocaine offenses.  *See* First Step Act, § 404(a).  Whether to reduce a sentence is at the discretion of the Court and is not required by the First Step Act.  First Step Act, § 404(c).  In sum, the Court now may, but is not required to, reduce a defendant's sentence if application of a statutory range changed by the Fair Sentencing Act would have resulted in a sentence lower than the defendant's original sentence.

       The Court turns to the specifics of the defendant's case.  The defendant's conviction is not the

---

(a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.

(b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

(c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

type of conviction covered by § 404 of the First Step Act.  While he committed a federal offense, he did not commit that offense before August 3, 2010, and the Fair Sentencing Act did not modify the applicable statutory sentencing range for the defendant's crime.  On the contrary, it only changed the statutory penalty range for certain crack cocaine offenses, Fair Sentencing Act, § 2(a) (codified at 21 U.S.C. § 841(b)(1)(A)(iii) & (b)(1)(B)(iii)).  *See United States v. Shaw*, 957 F.3d 734, 785 (7th Cir. 2020).  Although the defendant was convicted of a cocaine offense and crack cocaine made up his relevant conduct, he was not convicted of a crack cocaine offense.  Furthermore, his statutory sentencing range was already the lowest range available for a cocaine or crack cocaine offense charging no specific amounts, and the Fair Sentencing Act could not have further lowered it.  For this reason, the defendant is not eligible for a sentence reduction under the First Step Act.

Accordingly, the Court **GRANTS** counsel's motion to withdraw (Doc. 88) and **ORDERS** that the defendant's counsel is **TERMINATED** as counsel in this case.  The Court further **FINDS MOOT** the defendant's motion for appointment of counsel (Doc. 82) in light of counsel's appearance for the purpose of exploring whether the defendant is eligible for a sentence reduction under the First Step Act's retroactive application of the Fair Sentencing Act.

**IT IS SO ORDERED.**
**DATED:  June 10, 2020**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
